**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Manuel HERNANDEZ ZELADA,<br><br>       *Petitioner*,<br><br>v.<br><br>LaDeon FRANCIS, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Kristi NOEM in her official capacity as Secretary of Homeland Security; Pam BONDI, in her official capacity as Attorney General.<br><br>       *Respondents*. | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## <u>INTRODUCTION</u>

Petitioner Manuel Hernandez Zelada is a mentally ill young man with a history of psychiatric hospitalization whom Respondents detained in Roosevelt, New York nearly two months ago. His family has not heard from him since. Their efforts to find out where he is or whether he is okay have fallen on deaf ears. The public Immigration and Customs Enforcement (ICE) locator states only that Mr. Hernandez Zelada is in "CBP custody," suggesting Customs and Border Patrol, but without any further location information neither his family nor counsel have no way to find him. Mr. Hernandez Zelada now brings this petition in the jurisdiction in which he was initially detained to challenge his unlawful detention. He asks this Court to immediately order Respondents to provide the Court and Petitioner's counsel with his location and a reliable means for counsel and his family to contact him. He further asks for transport home and release, either through the grant of his petition or an order of interim release pending the adjudication thereof so as to allow him to resume medical treatment and communicate with counsel.

1

**PARTIES**

1.      Petitioner Manuel Hernandez Zelada is resident of Roosevelt, New York. He was detained by Respondents in Roosevelt on November 14, 2025 and remains in their custody.

2.      LaDeon Francis is named in his official capacity as the Acting Field Office Director of the New York Field Office for Immigration and Customs Enforcement ("ICE") within the United States Department of Homeland Security. The ICE New York Field Office is respomsible for detentions in the greater New York City area, including Nassau County. In this capacity, Mr. Francis is also responsible for the administration of immigration laws and the execution of detention and removal determinations and is a legal custodian of Petitioner. Respondent Francis's address is New York ICE Field Office Director, 26 Federal Plaza, 7th Floor, New York, New York 10278.

3.      Respondent Kristi Noem is named in her official capacity as the Secretary of Homeland Security in the United States Department of Homeland Security.  In this capacity, she is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103(a) (2007); routinely transacts business in the Eastern District of New York; is legally responsible for pursuing any effort to remove the Petitioner; and as such is a legal custodian of the Petitioner. Respondent Noem's address is U.S. Department of Homeland Security, 2707 Martin Luther King Jr Ave SE, Washington, District of Columbia 20528.

4.      Respondent Pam Bondi is named in her official capacity as the Attorney General of the United States. In this capacity, she is responsible for the administration of the immigration laws as exercised by the Executive Office for Immigration Review ("EOIR"), pursuant to 8 U.S.C. § 1103(g). She routinely transacts business in the Eastern District of New York and is legally responsible for administering Petitioner's removal and custody proceedings and for the standards

2

used in those proceedings. As such, she is the custodian of Petitioner. Respondent Bondi's office is located at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530.

## **JURISDICTION**

5.    The federal district courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the lawfulness or constitutionality of their detention by ICE. *See, e.g., Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner was detained by Respondents on June 23, 2025.

6.    This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 2241 (habeas); 28 U.S.C. § 1331 (federal question); and Article I, § 9, cl. 2 of the United States Constitution. This Court has authority to grant declaratory and injunctive relief. 28 U.S.C. §§ 2201, 2202. The Court has additional remedial authority under the All Writs Act, 28 U.S.C. § 1651 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## **VENUE**

7.    Venue is appropriate in this Court under the traditional venue statute, 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred in Nassau County, New York, where Petitioner was detained by Respondents on or about November 14, 2025.

8.    Petitioner's location is currently unknown. It is not listed on the ICE locator, nor has it been in over a month, and counsel's inquiries to ICE were met with either non-response or a request for further information that neither counsel nor Petitioner's family have. Because Petitioner "is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Rumsfeld v. Padilla*, 542 U.S. 426, 450 n. 18 (2004). *See* Exh. A, ICE Locator. When the location of detention is unknown, "it is essential that petitioner

not be denied the right to petition for a writ of habeas corpus." *Demjanjuk v. Meese*, 784 F.2d 1114, 1116 (D.C. Cir. 1986).

## SPECIFIC FACTS ABOUT PETITIONER

9.      Mr. Hernandez Zelada is a resident of Roosevelt, New York. On information and belief, he has resided in the U.S. since at least 2019.

10.     Mr. Hernandez Zelada suffers from schizophrenia which he developed as a young adult. He is prescribed anti-psychotic medication and has been psychiatrically hospitalized on multiple occasions, including twice in 2025. Prior to his detention he was receiving treatment at Nassau University Medical Center. Mr. Hernandez Zelada's mental illness is evident to people who observe and interact with him.

11.     To his family's knowledge, Mr. Hernandez Zelada was not in removal proceedings at the time of his detention.

12.     On November 14, Mr. Hernandez Zelada's father returned home in the evening and was unable to locate his son. Later that night, he learned that his son and one of their neighbors had been detained by immigration authorities earlier that day near their home in Roosevelt. He learned this only because the neighbor called his wife, who in turn told Mr. Hernandez Zelada's family what had happened. At the time, both men were detained in Central Islip.

13.     The same neighbor subsequently confirmed that he and Mr. Hernandez Zelada were detained on the street by ICE agents and that both men were transferred to Delaney Hall, a detention center in New Jersey. On or about November 22, 2025, the neighbor saw Mr. Hernandez Zelada being moved out of Delaney Hall but was not able to speak with him and does not know where Mr. Hernandez Zelada was transferred.

14. Mr. Hernandez Zelada's family has not had any contact with him since his detention on November 14 and has no information about his whereabouts or wellbeing since his apparent transfer from Delaney Hall. His family are extremely worried about him and concerned for his health and wellbeing.

15. Since early December, when Mr. Hernandez Zelada's family first received assistance from the legal service provider Make the Road New York, his location on the ICE locator has said only "CBP custody" without any further information or location.

16. On December 18, an attorney with Make the Road New York emailed several email addresses for the ICE Field Offices in New York City and Newark, New Jersey to seek assistance in locating Petitioner. No one responded until December 31, when the Newark Field Office requested an A number. On January 5, the attorney responded that the family does not have an A number nor any way to find it out. On January 7, ICE again responded "I am unable to locate subject without an alien number, SBI number or FBI number." The instant petition follows that response.

17. On December 19, Newsday published a story about Mr. Hernandez Zelada's disappearance. It noted "Responding to a Newsday inquiry, ICE did not provide information on Hernández Zelada's whereabouts." Exh. B, Newsday Article.

## LEGAL FRAMEWORK

18. Congress has authorized civil detention of noncitizens in removal proceedings for specific, non-punitive purposes. *See Jennings v. Rodriguez*, 138 S.Ct. 830, 833 (2018); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). For individuals who are "arriving" in the U.S. or who are subject to expedited removal because they have been present under two years and meet certain other requirements, mandatory detention is authorized by 8 U.S.C. § 1225(b). For individuals who are

5

in removal proceedings following entry without inspection and who are not subject to mandatory detention based on criminal history, detention is normally authorized by 8 U.S.C. § 1226(a). Individuals with a final order of removal may be subject to mandatory or discretionary detention pursuant to 8 U.S.C. § 1231(a).

19.     Detention serves only two legitimate purposes: mitigating flight risk and preventing danger to the community. *See Zadvydas*, 533 U.S. at 690; *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020).

20.     In May 2025, the Board of Immigration Appeals held that "an applicant for admission who is arrested and detained without a warrant while arriving in the United States, whether or not at a port of entry, and subsequently placed in removal proceedings is detained under section 235(b) of the INA, 8 U.S.C. § 1225(b), and is ineligible for any subsequent release on bond under section 236(a) of the INA, 8 U.S.C. § 1226(a)." *Matter of Q. Li*, 29 I. & N. Dec. 66, 69 (BIA 2025).

21.     On July 8, Respondents promulgated an internal memo directing ICE attorneys to argue for an even more expansive interpretation of who is subject to mandatory detention. This memo, now leaked to the public, states that "effective immediately, it is the position of DHS that [any noncitizens who have not been admitted to the country] are subject to detention under INA § 235(b) [8 U.S.C. § 1225(b)] and may not be released from ICE custody except by INA § 212(d)(5) [8 U.S.C. § 1182(d)(5)] parole. These [noncitizens] are also ineligible for a custody redetermination hearing ("bond hearing") before an immigration just and may not be released for the duration of their removal proceedings absent a parole by DHS."

22.     In September 2025, the Board of Immigration Appeals adopted this legal interpretation as well. *See Matter of Yajure Furtado,* 29 I&N Dec. 216 (BIA 2025). As a result, immigration judges

6

stopped granting release on bond pursuant to 8 U.S.C. § 1226(a) for individuals who entered the country without inspection.

23.    Respondents' position on their own detention authority contradicts decades of settled precedent, which holds that individuals who entered the U.S. without inspection are governed by 8 U.S.C. § 1226(a). Regulations promulgated nearly thirty years ago provide that "[d]espite being applicants for admission, [noncitizens] who are present without having been admitted or paroled (formerly referred to as [noncitizens] who entered without inspection) will be eligible for bond and bond redetermination" under Section 1226. 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997). Until recently, Respondents consistently adhered to this interpretation. *See, e.g., Matter of Garcia-Garcia*, 25 I&N. Dec. 93 (BIA 2009); *Matter of D-J-*, 23 I&N. Dec. 572 (A.G. 2003); *see also* Transcript of Oral Argument at 44:24–45:2, *Biden v. Texas*, 597 U.S. 785 (2022) (No. 21-954) ([Solicitor General]: "DHS's long-standing interpretation has been that 1226(a) applies to those who have crossed the border between ports of entry and are shortly thereafter apprehended.").

24.    Since this shift, "hundreds of district court decisions have rejected Respondents' expansive interpretation of Section 1225." *Molina v. DelLeon,* No. 25-CV-06526 (JMA), 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) (collecting cases); *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

25.    In November, a district court in California also held in a series of decisions that DHS's position on bond eligibility is unlawful with respect to "all noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8

U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025); *see also Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1, *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). That judgement should be binding on Respondents nationwide, but instead Respondents have directed immigration judges to ignore the decision.

26.     Respondents' actions in detaining individuals like Petitioner without an individualized custody determination violates the right to due process. A person's liberty cannot be infringed upon without "adequate procedural protections." *Zadvydas*, 533 U.S. at 690-91. The Second Circuit has held that the *Matthews v. Eldridge* balancing test is applicable to determine the adequacy of process in the context of civil immigration confinement. *Velasco Lopez*, 978 F.3d at 851 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)). This test requires process sufficient to mitigate the risk of erroneous deprivation of a liberty interest.

27.     Numerous courts in this circuit and across the country have held that these detentions violate not only the Immigration and Nationality Act but also the due-process clause. *See Padilla Molina v. Deleon*, No. 25-CV-06526 (JMA), 2025 WL 3718728, at *5 (E.D.N.Y. Dec. 23, 2025); *Hyppolite v. Noem*, No. 25-cv-4304, 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *J.U. v. Maldonado*, No. 25-cv-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Guerrero v. Noem*, No. 25-cv-5881, 2025 WL 3214787 (E.D.N.Y. Nov. 18, 2025)); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, (S.D.N.Y. August 13, 2025); *Cuy Comes v. DeLeon*, No. 25 CIV. 9283 (AT), 2025 WL 3206491,

at *5 (S.D.N.Y. Nov. 14, 2025); *Valdez v. Joyce*, No. 25 CIV. 4627 (GBD), 2025 WL 1707737 at *4 (S.D.N.Y. June 18, 2025).

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF THE DUE PROCESS CLAUSE
### OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

28.     Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

29.     Petitioner's detention violates both the substantive and procedural components of the Due Process Clause. The Due Process Clause of the Fifth Amendment forbids the government from depriving any person of liberty without due process of law. U.S. Const. amend. V. *See generally Reno v. Flores*, 507 U.S. 292 (1993); *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510 (2003).

30.     Because "[i]n this country liberty is the norm and detention 'is the carefully limited exception,'" *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (*quoting United States v. Salerno*, 481 U.S. 739, 755 (1987)), a reasoned, individualized determination is essential to ensure that detention is not an unnecessary—and thus erroneous—deprivation. Petitioner was not accorded sufficient process prior to his sudden detention by ICE. On information and belief, he received neither notice nor an opportunity to be heard as to whether detention was warranted, particularly in light of his serious mental illness and ongoing medical treatment. *See Padilla Molina*, 2025 WL 3718728, at *5; *Hyppolite*, 2025 WL 2829511, at *13; *see also Cuy Comes*, 2025 WL 3206491, at *5 (ordering immediate release where "ICE summarily detained Cuy Comes without making an individualized determination as to his risk of flight or his danger to the community, let alone affording him notice or opportunity to be heard").

9

31.      Respondents are likely to now contend that Petitioner is ineligible for bond under *Matter of Yajure Furtado*, 29 I&N Dec. 216 (BIA 2025). Petitioner's mandatory detention, following a summary apprehension that failed to consider his individualized circumstances, violates his right to due process.

32.      Petitioner's detention also violates his right to substantive due process. Substantive due process "prevents the government from engaging in conduct that 'shocks the conscience.'" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 356 (S.D.N.Y. 2019) (quoting *Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952)). Petitioner was detained despite his evident severe mental illness and history of psychiatric hospitalizations and has now not had any contact with his family in nearly two months. His family have no way to know whether he is receiving adequate or indeed any medical care or to assist him in addressing removal proceedings, should such proceedings have commenced.

33.      Respondents' actions violate Petitioner's right to due process.

### COUNT TWO
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

34.      Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

35.      The Administrative Procedure Act prohibits agency action which is arbitrary and capricious; contrary to constitutional right; not authorized by statute; or taken "without observance of procedure required by law." 5 U.S.C. § 706(2).

36.      An action is an abuse of discretion if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the

product of agency expertise." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007) (*quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

37.     Respondents' current construction of its detention authority, including the treatment of Petitioner as subject to mandatory detention, violates the Immigration and Nationality Act and therefore the Administrative Procedure Act.

38.     Respondents' decision to detain Petitioner and to maintain him evidently in the custody of Customs and Border Protection for two months, despite his severe mental illness, is arbitrary and capricious.

**COUNT THREE**
**RELEASE PENDING ADJUDICATION**

39.     Petiioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

40.     Pursuant to *Mapp v. Reno*, this Court has the "inherent authority" to set bail pending the adjudication of a habeas petition when the petition has raised (1) substantial claims and (2) extraordinary circumstances that (3) "make the grant of bail necessary to make the habeas remedy effective." 241 F.3d 221, 226 (2d Cir. 2001).

41.     Serious medical needs are a quintessential basis for release under *Mapp. See Vasquez Salgado v. Francis,* No. 25-CV-6524 (VEC), 2025 WL 2806757, at *6 (S.D.N.Y. Oct. 1, 2025) ("When it is reasonable to conclude that detention would worsen a petitioner's health, extraordinary circumstances are present.") (citing *S.N.C. v. Sessions*, No. 18 Civ. 7680 (LGS), 2018 WL 6175902, at *6 (S.D.N.Y. Nov. 26, 2018)); *Kiadii v. Decker*, 423 F. Supp. 3d 18, 21 (S.D.N.Y. 2018) (ordering release under *Mapp* and noting "Petitioner has presented evidence that her health has detoriorated while in ICE's custody"); *D'Alessandro v. Mukasey*, No. 08-CV-914

(RJA) (VEB), 2009 WL 799957, at *3 (W.D.N.Y. Mar. 25, 2009) (finding extraordinary circumstances when petitioner had "a number of serious, potentially debilitating health problems").

42.     Inability to communicate with counsel is also an extraordinary circumstance that justifies release under *Mapp. See Barco Mercado v. Francis et al.,* 1:25-cv-6582 at *27 (S.D.N.Y. Oct. 9, 2025) (ECF 26) (ordering immediate release on *Mapp* for a petitioner whose access to counsel was obstructed by his sudden move to a new facility just days before his merits hearing); *Salgado v. Francis*, No. 25-CV-6524 (VEC), 2025 WL 2806757, at *7 (S.D.N.Y. Oct. 1, 2025) (ordering interim release and noting such release "promotes Petitioner's access to her counsel" so as to help her to prepare her claims).

43.     As the overwhelming consensus among district courts confirms, Mr. Hernandez Zelada also presents substantial claims.

44.     He requests immediate release pending adjudication of the instant petition.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioners respectfully requests that this Court:

1.  Assume jurisdiction over this matter;

2.  Enjoin Petitioner's removal from the United States pending adjudication of the instant petition;

3.  Order Respondents to immediately (i) disclose to the Court and to counsel where Petitioner is detained, and (ii) provide a means for both counsel and his family to contact him and to obtain any written authorizations relevant to his representation;

4.  Order Respondents to show cause why the writ should not be granted within three days, and set a hearing on this Petition within five days of the return, as required by 28 U.S.C.

§ 2243;

5. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act;

6. Grant a writ of habeas corpus ordering Respondents to immediately release Petitioner from custody without restraints on his liberty beyond those that existed prior to his detention on November 14, 2025;

7. Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

8. Grant such further relief as this Court deems just and proper.

Dated: Jan. 7, 2026

/s/ Paige Austin
Paige Austin
Harold A. Solis
Make the Road New York
301 Grove St.
Brooklyn, NY 11237
Tel. (718) 418-7690
Paige.Austin@maketheroadny.org
Harold.solis@maketheroadny.org

13

**CERTIFICATE OF SERVICE**

I certify that on January 7, 2026, I electronically filed the attached the foregoing Petition for Writ of Habeas Corpus and accompanying Exhibits with the Clerk of the Court for the United States District Court for the Eastern District of New York using the CM/ECF system. Service will therefore be effected by the CM/ECF system.

/s/ Paige Austin
Paige Austin
Make the Road New York
301 Grove St.
Brooklyn, NY
Tel.: (718) 418-7690 ext. 4139
Fax: (866) 420-9169
Email: paige.austin@maketheroadny.org

*Attorney for Petitioner*